THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER ALLEN WILLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-20-194-R |
| | ) |
| JANET DOWLING, Warden, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Petitioner filed this action seeking a writ of habeas corpus, challenging a 2009 conviction in the District Court of Oklahoma County following his entry of a plea of guilty. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On March 25, 2020, Judge Erwin issued a Report and Recommendation wherein he recommended the Petition be dismissed upon screening as untimely. (Doc. No. 9). The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation (Doc.No. 10), which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. The Court has conducted its *de novo* review and finds as follows.

Judge Erwin concluded that Petitioner's conviction became final on September 7. 2009, a date that Petitioner does not challenge. (Doc.No. 10, p. 6).[1] Judge Erwin concluded that Petitioner was entitled to two days of statutory tolling during the pendency of a Motion

---

[1] Monday September 7, 2009 was Labor Day, a legal holiday, therefore Petitioner's conviction became final on September 8, 2009.

for Judicial Review before the District Court of Oklahoma County in June 2010. Accordingly, the one-year limitations period under 28 U.S.C. § 2244(d)(1)(A) expired on September 10, 2010.[2]

Although Petitioner filed state post-conviction applications, each of the four was filed after the expiration of the statute of limitations period. Any state post-conviction motions filed after that date had no impact on the expired limitations period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("[The § 2254] petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after ... the end of the limitations period").

Accordingly, and as addressed by the Report and Recommendation, the petition herein must be dismissed as untimely unless Petitioner establishes he is entitled to equitable tolling or makes a "credible showing of actual innocence." *McQuiggin v. Perkins,* 569 U.S. 383, 392 (2013). Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)(internal quotation marks and citation omitted). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal

---

[2] Petitioner does not argue that any of the alternative provisions of § 2244(d) provides the basis for starting the statute of limitations later than one year after his conviction became final.

[petition]". *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). The Court finds nothing in the Petition or the Objection to the Report and Recommendation to support equitable tolling. Petitioner did not file his first application for post-conviction relief until April 30, 2012, more than eighteen months after expiration of the statute of limitations period. He has not established extraordinary circumstances or diligent pursuit and therefore is not entitled to equitable tolling.

Finally, Judge Erwin concluded that Plaintiff failed to establish that failure to consider his Petition would result in a miscarriage of justice. A "credible showing of actual innocence" may "overcome" the one-year limitation period on filing a habeas petition. *McQuiggin v. Perkins*, 569 U.S. at 392. This "exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (internal quotation marks and citation omitted). Additionally, the claim must amount to a colorable showing of "factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998). Even if defendant has a claim based on factual innocence, defendant must show that he is relying on new evidence that was not previously available to him. *Hale v. Fox*, 829 F.3d 1162, 1171 (10th Cir. 2016). Petitioner's inability to meet either prong keeps him from successfully relying on the actual innocence gateway.[3]

Although Petitioner was charged in CF-09-5380 with first-degree burglary, as indicated on his Plea of Guilty and Summary of Facts, in completing the "Factual Basis for

---

[3] Petitioner argues in his objection that these same facts could support a finding that his plea was not voluntary. The alleged involuntary nature of a plea is an issue of legal, not factual innocence. *See Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) (noting that actual innocence means factual innocence and that petitioner's claim his guilty plea was involuntary did not assert actual innocence). To the extent Petitioner argues that plea counsel was constitutionally ineffective in failing to file a timely notice of appeal, ineffective assistance of counsel is not a basis for avoiding the time bar set forth in § 2244(d).

the Plea" section, either Defendant or counsel stated with regard to CF-09-5380, "[o]n September 8, 2008, I committed the offense of burglary in the second degree. . . ." (Doc. No. 1-5).[4] The document correctly reflected that Petitioner was charged with first degree burglary. *Id.* Although the Oklahoma Court of Criminal Appeals denied Petitioner's Third Application for Post-Conviction Relief on the basis that this claim was subject to a procedural bar, the court noted that the "Factual Basis for the Plea" is not the operative statement, and that Defendant had acknowledged both in writing in that same document and in open court that the charge in CF-09-5380 was for first degree burglary. *See* Doc. No. 1-8.[5]

Defendant's argument, as noted by Judge Erwin, is one of legal innocence, not actual factual innocence. Additionally, Petitioner cites to no new evidence that would support reliance on the gateway. Clearly the facts have not changed since Petitioner entered his guilty plea, and the absence of new evidence precludes reliance on the actual innocence/fundamental miscarriage of justice gateway.

Petitioner argues that applying § 2254(i) would violate his constitutional rights. Section 2254(i) provides, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." The Supreme Court has ruled that "'[t]here is no

---

[4] Petitioner pled guilty to eleven counts from five separate cases in one proceeding.

[5] The Oklahoma Court of Criminal Appeals stated, "[w]e would remind counsel, that the statement of factual basis is not a defendant's plea; the defendant's plea is the plea." (Doc.No. 1-8, p. 3). The Court of Criminal Appeals described the proceedings both written and oral, and noted that Petitioner, at sentencing, answered "yes" when asked whether, "On the 29 day of May, 2009, you plead guilty to the following charge(s): Burglary I" and "[w]ere you told on that day that the range of punishment provided for the above crime(s) is/are . . . Minimum of 7 years to a maximum of 20 years"? (*Id.* at n.2).

constitutional right to an attorney in state post-conviction proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); Petitioner's contention that § 2254(i) is unconstitutional lacks legal merit and warrants no additional consideration by the Court.[6]

Under Rule 11 of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

For the reasons set forth above, the Petition herein is DISMISSED AS UNTIMELY. In light of this dismissal, Petitioner's Motion to Appoint Counsel (Doc. 3), is DENIED AS MOOT.

**IT IS SO ORDERED** this 16th day of April 2020.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[6] To the extent Petitioner's objection strays beyond the bounds of the issue of timeliness, the Court finds no need to consider his arguments.